IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

Jerry R. McKeever                                           Case No. 11-04187-als7

                Debtors                                Chapter 7

**MEMORANDUM OF DECISION**
(date entered on docket: April 16, 2012)

      Before the Court is the Motion to Reconsider Ruling on Reaffirmation Agreement ("Motion") filed on behalf of First Class Credit Union ("First Class"). Erik Fisk appeared as counsel for First Class. Neither the debtor, nor his counsel, appeared at the hearing. The Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. sections 157 and 1334. For the reasons stated herein the Motion is denied.

FACTS

      Jerry McKeever ("Debtor") filed his Chapter 7 petition on October 26, 2011. On Schedule F, an obligation owing to First Class is set forth in the amount of $1,065. This debt arises from an unsecured "holiday loan" obtained by the Debtor. The obligation is not listed on the Chapter 7 Individual Debtor's Statement of Intention. First Class filed a timely adversary proceeding against the Debtor on January 12, 2012 asserting that its debt was not dischargeable pursuant to 11 U.S.C. section 523(a)(2). The parties state that on January 17, 2012, one day before the entry of discharge, they agreed that the debt would be reaffirmed in exchange for dismissal of the adversary proceeding. On January 18, 2012, the general discharge was entered in the case. On February 3, 2012, First Class filed a Notice of Dismissal in its adversary

proceeding. Because no answer was filed in the pending adversary proceeding, the dismissal did not require court approval and the matter was closed on February 7, 2012.[1]

Two additional filings were made by First Class on February 3, 2012 in the Debtor's bankruptcy proceeding: a Motion to Enlarge Time to File Reaffirmation Agreement and a Reaffirmation Agreement ("Agreement"). Due to the timing of these filings, and the prior entry of the general discharge, the Court entered a docket text order regarding the Motion to Enlarge Time, which stated that "[t]he movant may file the reaffirmation agreement, but the date of the general discharge will control the Court's review of the agreement." Because the Agreement was not executed prior to entry of the general discharge, the Court determined that it did not meet the qualifying provisions established by the Bankruptcy Code to warrant review of whether a hearing pursuant to 11 U.S.C. section 524(m)(1) was required or whether the Agreement was effective or enforceable pursuant to 11 U.S.C. section 524(k). Consequently, the Agreement was not approved. First Class requested that the Court reconsider this ruling.

## DISCUSSION

The issue identified for reconsideration is whether the Agreement between the parties was made before the Debtors' discharge. The applicable Code provision states:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
> (1) such agreement was made before the granting of the discharge under section 727 . . . of this title.

11 U.S.C. § 524(c) (2012). The language of the statute is unambiguous as to the requirement that the reaffirmation agreement be made prior to the discharge date. "Because reaffirmation agreements are effectively waivers of discharge with respect to a particular creditor, they are

---
[1] Bankruptcy Rule 7041 and Federal Rule of Civil Procedure 41(a)(1)(A)(i).

*exceptions* to the 'fresh start' policy of the bankruptcy process. As such, the reaffirmation exception is strictly construed, and the requirements imposed for their enforceability are themselves enforced rigidly." In re Herrera, 380 B.R. 446, 450-51 (Bankr. W.D. Tex. 2007) (citations omitted). In this case, the fact that the Agreement is for an unsecured debt may also warrant closer scrutiny. See In re Nidiver, 217 B.R. 581, 584-85 (Bankr. D. Neb. 1998). As a general proposition, bankruptcy courts lack authority to approve a reaffirmation agreement made after the discharge date. See In re Gibson, 256 B.R. 786, 787-88 (Bankr. W.D. Mo. 2001); In re Nichols, No. 10-01323, 2010 WL 4922538, at *1(Bankr. N.D. Iowa Nov. 29, 2010).

Several courts have addressed the issue of when a reaffirmation agreement is "made" for purposes of validity and enforcement under the provisions of 11 U.S.C. section 524(c).[2] The word "made" has been interpreted by courts to mean "signed" by the parties to the agreement. See In re Herrera, 380 B.R. 446, 450–51 (Bankr. W.D. Tex. 2007); In re Davis, 273 B.R. 152, 153 (Bankr. S.D. Ohio 2001); see also Whitehouse v. LaRoche, 277 F.3d 568, 574 (1st Cir. 2002). A reaffirmation agreement may be filed post-discharge, but the dates upon which the parties executed the agreement cannot be overlooked. In re Golladay, 391 B.R. 417, 422 (Bankr. C.D. Ill. 2008).

> "[I]t is not the filing of the agreement prior to the discharge date which is a necessary prerequisite for its validity; rather, it is the entering into the agreement, i.e. the full and complete execution of an agreement which satisfies the terms of the Bankruptcy Code and, particularly section 524(c), by all parties thereto which controls."

Id. at 422 n.1. Assent to the contract, represented by the reaffirmation agreement, can only be established after both parties have actually executed that document. In re Giglio, 428 B.R. 397,

---

[2] Counsel for the movant was asked to clarify the position stated in the Motion related to whether an agreement made after discharge was enforceable at the time of hearing. At the Court's request, a supplemental brief was submitted on this issue.

401-03 (Bankr. N.D. Ohio 2009); see also In re Eickhoff, No. 11-00812, 2011 WL 5358424, at *1 (Bankr. N.D. Iowa Nov. 7, 2011) (the reaffirmation agreement was not valid when creditor signed two days after the discharge was entered).

First Class argues that while the technical execution dates of the Agreement may be after the date of the discharge, the Agreement was actually "made" before the discharge. In support of this position, the movant relies upon In re Lebeau, 247 B.R. 537 (Bankr. M.D. Fla. 2000). In that case a bright line test was rejected to deny all reaffirmation agreements dated post-discharge. Id. at 540. Extrinsic evidence and general contract principles could be utilized to determine when the agreement was "made." Id. In reaching its conclusion that both parties had come to a "meeting of minds" before the discharge was entered the court was persuaded by convincing evidence which included that: the debtor indicated an intention to reaffirm the debt on the filed schedules, the Agreement was reduced to writing and signed by the creditor two months before the discharge, and the debtor began performance by making payments under the agreement one month before the discharge. Id. at 540-41. Such convincing extrinsic facts are not present in this case, which distinguishes the holding in LeBeau and weighs against its application here. The obligation owing to First Class was not set forth on the Debtor's Statement of Intentions; the Agreement was not drafted prior to entry of the general discharge; the Agreement was not signed by either party prior to entry of the general discharge; there is also no proof of payment being made on the obligation. The other cases cited in First Class' brief are similarly inapplicable and can be further distinguished because they involve the debtor requesting the relief, not the creditor. See In re Mausolf, 403 B.R. 761 (Bankr. S.D. Fla. 2009); In re Farris, No. 08-82709-MHM, 2009 Bankr. LEXIS 1936 (Bankr. N.D. Ga. June 29, 2009).

First Class cites to no rule of procedure as support for its request. Federal Rule of Civil Procedure 60 (incorporated by Federal Rule of Bankruptcy Procedure 9024) provides that a court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The subsections relevant to First Class' request for relief appear to arise under: (1) mistake, inadvertence, surprise, or excusable neglect or (6) any other reason that justifies relief. The record contains only the following statement that references the basis for relief: "While the reaffirmation agreement was not fully executed and filed with this Court until February 3, 2012, this was only because of the oversight of Creditor's counsel and not for lack of an agreement between the parties." This bare statement does not justify the relief requested. The movant elected to dismiss its adversary proceeding post-discharge, but prior to approval of the reaffirmation agreement. The matter could have been resolved by a stipulated judgment when First Class' adversary proceeding was still pending. No explanation of the election to file an untimely reaffirmation agreement was provided at hearing other than First Class' counsel's delay in sending the appropriate forms to the Debtor.

Granting the relief similar to that sought by First Class occurs only in rare instances and requires a showing of exceptional and compelling circumstances. See In re Edwards, 236 B.R. 124, 128 (Bankr. D. N.H. 1999). But see In re Rigal, 254 B.R. 145 (Bankr. S.D. Texas 2000)

(declining to find authority to vacate discharge for the purpose of allowing the debtor to enter into a reaffirmation agreement).  Here, the only apparent compelling circumstances are that First Class prematurely dismissed its adversary proceeding, and without an approved reaffirmation agreement will now be unable to enforce collection of its unsecured debt against the Debtor.

The primary focus of the Motion is a legal argument based on a nuance of the wording found in the statutes governing reaffirmation agreements in the Bankruptcy Code.  First Class has not provided any substantive basis for why the relief requested is appropriate and should be granted.  See In re Yelverton, 459 B.R. 1 (Bankr. D.D.C. 2011).

For the reasons stated herein the Motion to Reconsider is denied.

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge


Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Chapter Case